SANDRA L. McDONOUGH (SBN 193308)
sandy.mcdonough@quarles.com
JACK T. EDMOND (SBN 363497)
jack.edmond@quarles.com
**QUARLES & BRADY LLP**
101 West Broadway, Suite 1500
San Diego, California 92101
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for The Regents of the University of
California; Chancellor Richard Kent Lyons;
Professor Ashok Ajoy; and Samantha Gross

JOHN DOE
PO Box 483
Isleton, CA 95641
415-737-4225
x92qt77@proton.me
Plaintiff, Pro Se

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; ASHOK AJOY, in his individual capacity; RICHARD KENT LYONS, in his official capacity; SAMANTHA GROSS (a/k/a SAMANTHA LACHLER), in her individual capacity; and DOE DEFENDANTS 1-20,<br><br>    Defendants. | Case No. 3:25-CV-10779-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT**<br><br>Judge:        Edward M. Chen<br>Trial Date:    Not Set |

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Civil Local Rules 16-9 and 16-10, and the Standing Order for All Judges of the Northern District of California concerning joint case management statements, Plaintiff John Doe, appearing pro se, and Defendants The Regents of the University of California, Richard Kent Lyons, Ashok Ajoy, and Samantha Gross, through counsel, submit this Joint Case Management Statement and Rule 26(f) Report before the Initial Case Management Conference set for June 23, 2026 at 1:30 p.m. via Zoom.

## 1.    JURISDICTION AND SERVICE

The Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 over the claims under Title IX, Title VII, and 42 U.S.C. § 1983, and supplemental jurisdiction under 28 U.S.C. § 1367 over the related Fair Employment and Housing Act ("FEHA") and California sexual-battery claims. Venue is proper under 28 U.S.C. § 1391(b)(2). All named Defendants have appeared through counsel; no named Defendant remains to be served. The unidentified Doe Defendants cannot be served unless and until they are identified and substituted. Plaintiff proposes that any Doe Defendant later identified and added by amendment be served within 90 days after that amendment or as otherwise ordered by the Court. Defendants do not presently challenge personal jurisdiction or venue.

## 2.    FACTS

**Plaintiff's Statement**: Plaintiff is a former Regents employee and UC Berkeley alumnus from a prior degree program who returned in 2020 to pursue a second undergraduate degree and remains an active alumnus. UC Berkeley continues to invite him to University-affiliated alumni and student-facing programming, and he continues to participate in scholarship-related service. Plaintiff alleges that, while he was both a UC Berkeley student and employee, Defendant Ajoy sexually battered him on October 7, 2021 and threatened his academic career if he reported the conduct. After Plaintiff reported Ajoy, Defendants allegedly developed and used a retaliatory "computer sabotage" narrative. Plaintiff alleges that Defendant Gross used materially false employment-discipline premises to obtain a May 5, 2022 phone-records warrant and that the University of California Police Department ("UCPD") narrative was supplied to the Center for Student Conduct ("CSC"), which imposed a degree hold after Plaintiff completed the academic

requirements for a Spring 2022 degree.

The later sexual violence and sexual harassment ("SVSH") process, including the investigation and January 19, 2024 hearing, concerned and adjudicated Plaintiff's complaint against Ajoy. Plaintiff alleges that the University used complainant-inverting tactics by importing the disputed and unproven sabotage narrative and other purported adverse allegations—none of which had been provided to Plaintiff in writing or presented through any formal notice of charges or respondent proceeding, and none of which had resulted in any adjudicated or documented finding of misconduct, employment discipline, suspension under employment policies, termination, or restriction on rehire; excluding him from the live hearing while Ajoy and witnesses testified; and later omitting the hearing from its June 6, 2024 submission to the California Civil Rights Department ("CRD"). Plaintiff further alleges that he lacked the technical background to perform the asserted deletion and that UC Berkeley has never disclosed a coherent technical explanation of the alleged deletion method or reliable forensic proof attributing it to him. His completed 2022 degree remains withheld, and the same transcript reflects both his conferred 2010 degree and the unresolved 2022 degree status, preventing normal use of his academic record and causing continuing record, reputational, and emotional harm.

**Defendants' Statement**: Plaintiff is a former student of the University of California, Berkeley, which is operated by The Regents. All decisions made and actions taken regarding his education, academic status, degree conferral, student employment, and related proceedings were within Defendants' discretion and were not unlawful. Defendants deny the allegations as pled.

**3.    LEGAL ISSUES**

**Plaintiff's Statement:** The Second Amended Complaint ("SAC") asserts claims under Title IX, Title VII, FEHA, and 42 U.S.C. § 1983 based on the Fourth and Fourteenth Amendments; a California sexual-battery claim; and official-capacity prospective relief under *Ex parte Young*. Disputed issues include sovereign immunity and prospective relief; protected property or liberty interests and adequacy of process; accrual and delayed discovery of the judicial-deception claim; Title IX retaliation, sex discrimination, and deliberate indifference; equal protection; exhaustion; timeliness; causation; and remedies. Defendants' pending motion does not

challenge the Title VII, FEHA, or sexual-battery claims.

Plaintiff identifies three principal disputed issues: (1) whether the continuing degree hold and adverse student-record consequences are lawful and subject to prospective correction; (2) whether the employment-discipline premise, the UCPD/warrant narrative, and the existence or nonproduction of underlying warrant-derived records affected the warrant, student-conduct, SVSH, and degree-hold processes; and (3) whether the University's handling of the SVSH proceeding on Plaintiff's complaint against Ajoy—including use of the disputed sabotage narrative and purported adverse allegations never formally charged or adjudicated against Plaintiff, his exclusion from the live hearing, later agency submissions or omissions, and continuing degree consequences—constituted unlawful retaliation or sex-based unequal treatment.

**Defendants' Statement**: The issues include whether Defendants are entitled to immunity; whether any Defendant violated § 1983; whether The Regents violated Title VII or Title IX; whether Plaintiff exhausted required administrative remedies; whether any claim is time-barred; and whether Plaintiff timely exhausted with the EEOC and CRD. Defendants reserve the right to supplement their legal issues as the case progresses.

**4.     MOTIONS**

Plaintiff previously sought leave to file the SAC. The parties resolved that motion by stipulation, and the SAC was filed on May 18, 2026. Defendants' partial Motion to Dismiss the SAC is pending at ECF No. 45. Plaintiff filed his opposition, proposed order, and supporting declaration at ECF Nos. 49, 49-1, and 49-2. The hearing is set for July 30, 2026 at 1:30 p.m.

**Plaintiff's Statement**: After focused discovery, Plaintiff anticipates seeking summary judgment or partial summary judgment if the record permits. Any discovery dispute will be handled under the required meet-and-confer procedures and Judge Chen's discovery standing order.

**Defendants' Statement**: Defendants anticipate moving for summary judgment or partial summary judgment, will oppose motions they consider unfounded, and reserve the right to file appropriate pretrial motions.

/ / /

**5.      AMENDMENT OF PLEADINGS**

**Plaintiff's Statement**: Plaintiff does not presently anticipate substantive amendment except to substitute identified persons for Doe Defendants, conform the pleading to the Court's ruling on the pending motion, clarify that Plaintiff does not seek economic damages, or address facts learned in discovery. Plaintiff proposes December 15, 2026, or 60 days after the Court rules on the motion to dismiss, whichever is later, as the deadline to amend pleadings or add parties.

**Defendants' Statement**: Defendants contend that any deadline for amending pleadings has already passed.

**6.      EVIDENCE PRESERVATION**

The parties certify that they have reviewed the Court's ESI Guidelines and have met and conferred regarding reasonable and proportionate preservation measures. Each side represents that it is preserving relevant paper and electronic records within its possession, custody, or control and will promptly identify any relevant source that is unavailable.

**Plaintiff's Statement**: Relevant sources include the UCPD investigative and warrant file; CSC and degree-hold records; Chancellor's Office and Registrar records; People & Culture/HR/Employee & Labor Relations and personnel-file records, including the August 4, 2025 transmission and current and historical versions; and associated source data, communications, audit histories, change logs, and metadata, including any underlying warrant-derived and forensic materials referenced in UCPD records.

**Defendants' Statement**: Defendants have undertaken steps to preserve evidence relevant to the issues in this action, including communications, documents, and recordings within their possession or control.

**7.      DISCLOSURES**

By agreement, the deadline for initial disclosures was extended to June 15, 2026. Both sides exchanged their Rule 26(a)(1) initial disclosures on June 15, 2026. The parties will supplement as required by Rule 26(e).

**8.      DISCOVERY**

No formal discovery has been completed. The parties anticipate serving written discovery.

**Plaintiff's Statement**: Plaintiff presently anticipates focused requests for production and requests for admission directed principally to The Regents. He does not presently anticipate taking depositions or offering expert testimony; third-party subpoenas may be used only if necessary. Plaintiff does not seek needless reproduction of exact duplicates previously provided, provided Defendants identify those documents precisely and confirm that they are identical and complete. Plaintiff does seek complete institutional files, including responsive materials, attachments, metadata, internal communications, and versions not previously supplied to him. Plaintiff seeks no earnings-based damages and will not rely on personal tax or financial-account records, which he contends are irrelevant and disproportionate.

Plaintiff's principal production subjects are: (1) the complete UCPD investigative and warrant-related file, including communications, provider returns, evidence, forensic and chain-of-custody materials, and records transmitted to CSC; (2) the complete CSC, hearing, sanctions, appeal, degree-hold, and current student-record file, including materials not previously provided to Plaintiff; (3) Chancellor's Office, Registrar, and CSC records concerning continued degree nonconferral and requests for record correction; and (4) People & Culture/HR/Employee & Labor Relations and personnel-file records concerning Plaintiff's employment status and any matter Defendants contend UC Berkeley treated as a complaint or allegation against Plaintiff, including the matter's institutional classification, handling, disposition, and any later transmission to or reliance by UCPD, CSC, OPHD/SVSH, CRD, or another decisionmaker, as well as the August 4, 2025 personnel-file transmission and current and historical versions. Plaintiff proposes substantial completion of this core production by September 4, 2026 and opposes a discovery stay because the pending motion is partial and the core evidence overlaps the challenged and unchallenged claims.

**Defendants' Statement**: Defendants anticipate written discovery, depositions of Plaintiff and other fact and expert witnesses, and third-party subpoenas as needed. Subjects may include the alleged October 7, 2021 incident; Plaintiff's employment, academic, degree, student-conduct, and UCPD records; communications with campus entities and named Defendants; and Plaintiff's claimed non-economic emotional and reputational damages, mitigation, and treatment. Defendants

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

anticipate expert discovery concerning non-economic damages and do not believe phased or limited discovery is needed.

**Plaintiff's Position**: Plaintiff expressly disclaims all economic damages, including lost earning capacity and damages for lost employment or educational opportunities, and will correct any contrary language in the SAC by stipulation or narrow amendment if necessary.

**ESI and Production Format:** Defendants state that the bulk of discovery will consist of The Regents' official files, which are largely readily available and should not require extensive ESI collection. The parties agreed to produce documents in PDF format wherever possible and will cooperate regarding production format. Searchable PDF may be appropriate for ordinary documents; native files and associated metadata will be produced where conversion would omit material information, including relevant audio, video, electronic records, or metadata. The parties will further discuss an ESI protocol if necessary.

Confidentiality and Privilege: The parties will promptly negotiate a stipulated protective order addressing Plaintiff's pseudonym and the sensitive student, employment, SVSH, law-enforcement, warrant-related, and identity-bearing information implicated in discovery. Pending entry of a protective order or an adequate interim written confidentiality agreement, non-sensitive or appropriately redacted material may be exchanged; Plaintiff does not agree to produce unredacted identity-bearing or comparably sensitive records without appropriate safeguards. The parties will meet and confer regarding privilege and inadvertent production and do not presently request a Rule 502(d) order.

9.    **CLASS ACTIONS**

Not applicable. This is not a class, collective, or representative action.

10.    **RELATED CASES**

The parties are not aware of any related civil action within Civil Local Rule 3-12. The SAC references concluded or exhausted administrative proceedings before CRD and EEOC and an Alameda County Superior Court search-warrant file; no related merits action is known to be pending in those forums.

/ / /

## 11.   RELIEF

**Plaintiff's Statement**: Plaintiff principally seeks declaratory and prospective injunctive relief, including conferral of his completed degree; correction of student and institutional records and prior agency submissions; cessation of reliance on the challenged sabotage narrative; and appropriate steps within Defendants' control concerning the continuing public and institutional consequences of the probable-cause affidavit. He also seeks non-economic compensatory damages, nominal damages, punitive damages where available, costs, interest, and other non-income-based relief authorized by law.

Plaintiff's Rule 26(a)(1) disclosures, served June 15, 2026, state a preliminary $300,000 estimate of non-economic compensatory damages: $200,000 for emotional distress, anxiety, humiliation, trauma, and loss of enjoyment of life, and $100,000 for non-economic reputational, privacy, personal-data, transcript, and record-related harm. Plaintiff does not seek back pay, front pay, lost wages or benefits, loss of income, diminished earning capacity, financial-hardship damages, damages for lost educational or professional opportunities, or any other award calculated from past or projected earnings. The transcript and degree-status allegations concern the ongoing injury supporting Plaintiff's requested declaratory and prospective injunctive relief and related non-economic record, reputational, and emotional harm; they are not asserted as a financial-loss theory. Plaintiff will not rely on personal tax returns, bank or credit-card statements, investment records, credit reports, or other personal financial-account records. To the extent any language in the SAC refers to economic loss, financial loss, diminished earning capacity, or lost professional or educational opportunities, Plaintiff does not seek damages on those bases and will correct any contrary language by stipulation or amendment limited to that issue if necessary.

**Defendants' Statement**: Defendants deny liability and contend that applicable immunities bar or limit recovery. Any damages must be limited to losses Plaintiff proves were proximately caused by unlawful conduct, and any equitable relief must be narrowly tailored. Defendants contend that the requested declaratory and injunctive relief is moot or unwarranted given the discretionary nature of the University's academic and disciplinary processes.

/ / /

## 12.    SETTLEMENT AND ADR

**Plaintiff's Statement**: Plaintiff made pre-suit and post-suit efforts to resolve the dispute and remains willing to discuss settlement. He proposes Court mediation or a magistrate-judge settlement conference after focused production of the core UCPD/warrant, CSC/degree-hold, and continued-nonconferral and correction records, with ADR completed by January 29, 2027. Meaningful ADR should address degree conferral, student-record correction, institutional reliance and notifications, public-affidavit consequences, and monetary relief.

**Defendants' Statement**: Defendants believe settlement prospects will be maximized after written discovery and necessary depositions. The parties filed ADR certifications requesting discussion with the assigned Judge, and Defendants wish to discuss ADR options at the June 23, 2026 Initial Case Management Conference.

## 13.    OTHER REFERENCES

The case is not presently suitable for binding arbitration, reference to a special master, or referral to the Judicial Panel on Multidistrict Litigation. Court mediation or a magistrate-judge settlement conference may be appropriate as stated above.

## 14.    NARROWING OF ISSUES

The parties may be able to stipulate to the authenticity, dates, and custodianship of University, agency, police, and court records while preserving objections to admissibility and the truth of disputed narrative content. Focused production, requests for admission, and stipulations concerning undisputed institutional facts may permit summary judgment or partial summary judgment and narrow any trial. Defendants request bifurcation of punitive damages until after liability is established; Plaintiff believes bifurcation can be addressed if any issue remains for trial.

## 15.    SCHEDULING

| Event | Plaintiff's Proposal | Defendants' Proposal |
| --- | --- | --- |
| Stipulated protective order | July 24, 2026 | July 24, 2026 |
| Core institutional production | September 4, 2026 | September 4, 2026 |
| Amend pleadings/add | December 15, 2026, or 60 days after | Deadline has passed |

| Event | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| parties | MTD ruling, if later | |
| ADR completion | January 29, 2027 | After written discovery and necessary depositions |
| Fact-discovery cutoff | March 31, 2027 | June 17, 2027 |
| Opening expert disclosures | Not presently anticipated | June 17, 2027 |
| Rebuttal expert disclosures | Not presently anticipated | July 8, 2027 |
| Expert-discovery cutoff | Not presently anticipated | July 29, 2027 |
| Dispositive motions filed | May 27, 2027 | July 22, 2027 |
| Dispositive-motion hearing | July 29, 2027 | August 26, 2027 |
| Final pretrial conference | October 2027 | November 2, 2027 |
| Trial | November 2027 | November 29, 2027 |

## 16.    TRIAL

**Plaintiff's Statement**: Plaintiff demanded a jury trial on all issues so triable; equitable and prospective-relief issues may be tried to the Court. Plaintiff estimates four to five court days, although focused written discovery and dispositive-motion practice may resolve or substantially narrow the issues requiring trial.

**Defendants' Statement**: Defendants estimate that a trial including all claims in the SAC would require ten to fifteen court days.

## 17.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

**Plaintiff's Statement**: Plaintiff filed his Civil Local Rule 3-15 Certification at ECF No. 50, stating that he is unaware of any conflict and that there is no nonparty person or entity with a financial or other interest that could be substantially affected by the outcome of this action.

**Defendants' Statement**: Defendants are unaware of any interested non-party person or entity, financial or otherwise, apart from the named parties.

## 18.    PROFESSIONAL CONDUCT

Defense counsel and Plaintiff have reviewed the Northern District of California Guidelines for Professional Conduct and intend to conduct the litigation consistently with applicable rules,

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(F) REPORT

orders, and professional standards.

**19.    OTHER MATTERS**

This action proceeds under a pseudonym and sealing order. The parties will use secure transmission for sensitive discovery, promptly pursue an appropriate protective order, and stipulate to electronic service of unfiled materials under Rule 5(b)(2)(E).

**Plaintiff's Statement**: The pending partial motion should not delay case management, preservation, protective-order negotiations, or discovery overlapping the unchallenged Title VII, FEHA, and sexual-battery claims.

Dated:  June 16, 2026                    QUARLES & BRADY LLP


By:        */s/ Sandra L. McDonough*
                SANDRA L. McDONOUGH
                JACK T. EDMOND
                Attorneys for The Regents of the University of
                California; Chancellor Richard Kent Lyons;
                Professor Ashok Ajoy and Samantha Gross

Dated:  June 16, 2026


By:        */s/ John Doe*
                JOHN DOE
                Plaintiff, Pro Se