United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,
Plaintiff,
v.
REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,
Defendants.

Case No. 25-cv-10779-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM MAGISTRATE ORDER**

Docket No. 72

Pending before the Court is a motion for relief from two magistrate judge orders, filed by Plaintiff John Doe ("JD"). *See* Docket Nos. 70-71 (LJC orders). Pursuant to 28 U.S.C. § 636, this Court reviews Judge Cisneros's discovery orders for clear error or a ruling contrary to law. *See* 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court [with limited exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that the magistrate judge's order is clearly erroneous or contrary to law"); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991).

JD's motion for relief is **DENIED**. In her two orders, Judge Cisneros simply denied JD's request for leave to file unilateral discovery letters,[1] directed the parties to meet and confer in good faith regarding discovery disputes, and then jointly request a discovery status conference if a meet and confer was not successful. None of this was clear error nor contrary to law. That JD may take

[1] *See* Docket No. 68 (Mot. at 2) ("ask[ing] the Court to open the procedure its Standing Order requires: separate three-page discovery letters for the RFP and RFA disputes, or another format the Court directs").

United States District Court
Northern District of California

issue with some of Judge Cisneros's statements – characterizing them as adverse findings – is immaterial. Judge Cisneros did not issue any substantive ruling against JD and thus he has not been prejudiced. In any event, the Court agrees with Judge Cisneros that there was an insufficient meet and confer before JD sought judicial relief. Simply because meet and confers took place on July 28 and 31, 2026, does not establish that the meet and confers were sufficient.

This order disposes of Docket No. 72.

**IT IS SO ORDERED**.

Dated: August 18, 2026

EDWARD M. CHEN
United States District Judge