United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,
Plaintiff,
v.
REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,
Defendants.

Case No. 25-cv-10779-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Docket No. 77

Pending before the Court is a motion for leave to file a motion for reconsideration filed by Plaintiff John Doe ("JD"). JD challenges rulings made by the Court in its order granting in part and denying in part Defendants' motion to dismiss. *See* Docket No. 75 (order). Having considered the parties' filings, the Court hereby **DENIES** JD's motion for relief.

## I. DISCUSSION

### A. Legal Standard

Under Civil Local Rule 7-9, a party seeking reconsideration of a Court ruling must first obtain leave to file a motion to reconsider. The party seeking leave must show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

B. Equitable Tolling

In the order at issue, the Court found that several of JD's claims were time barred and dismissed them with prejudice because amendment would have been futile. JD argues that the Court should not have deemed amendment futile because it did not consider equitable tolling. JD points out that, in his operative second amended complaint ("SAC"), he made allegations about seeking relief from the California Civil Rights Division because UCB had retaliated against him after he had reported the sexual assault by Prof. Ajoy – *e.g.*, by falsely accusing him of sabotaging the computers in Prof. Ajoy's lab. *See* SAC ¶ 100 (alleging that, in February 2023, JD "reported the . . . sexual battery and retaliatory 'computer sabotage' narrative to CRD"); SAC ¶ 105 (alleging that, in June 2023, "Plaintiff filed a charge with CRD for sexual harassment, retaliation, and discrimination based on the . . . assault and the retaliatory computer-sabotage narrative").

JD is correct that § 1983 adopts state law on equitable tolling for purposes of the statute of limitations. *See Lucchesi v. Bar-O Boys Ranch*, 353 F.3d 691, 694 (9th Cir. 2003) ("State law governs the statutes of limitations for section 1983 actions as well as questions regarding the tolling of such limitations periods."). He is also correct that, under California law, equitable tolling may apply where a plaintiff seeks a remedy in an alternative forum before filing suit. *See id.* at 696 (where plaintiff brought a state tort claim with the county before filing a § 1983 suit in federal court, noting that "California policy 'favors relieving plaintiff from the bar of a limitations statute when, possessing several legal remedies he, reasonably and in good faith, pursues one designed to lessen the extent of his injuries or damage'"); *see also McDonald v. Antelope Valley Community College Dist.*, 45 Cal. 4th 88, 102 (2008) (stating that "[t]he filing of an administrative claim, whether mandated or not, affords a defendant notice of the claims against it so that it may gather and preserve evidence, and thereby satisfies the principal policy behind the statute of limitations[;] [b]oth courts and legislatures have, and should, 'liberally appl[y] tolling rules or their functional equivalents to situations in which the plaintiff has satisfied the notification



United States District Court
Northern District of California

purpose of a limitations statute'"). Finally, for purposes of the pending motion, the Court assumes (in JD's favor) that the claims he brought before the California Civil Rights Division ("CRD") are based on the same wrong as the claims JD asserts here in this Court.[1]

The problem for JD is that he never raised the issue of equitable tolling in response to Defendants' contention, in their motion to dismiss, that the relevant claims were time barred. He did not reference equitable tolling in his opposition brief, nor at the hearing on the motion to dismiss. His opposition brief referred at times to the CRD but not in conjunction with opposing Defendants' argument that his claims were time barred. Because JD did not raise the issue of equitable tolling, it has been waived. *Cf. Rosenwasser v. Fordham Univ.*, 772 Fed. Appx. 1, 3 (2d Cir. 2019) ("Rosenwasser argues that the statute of limitations was equitably tolled based on three additional grounds. These grounds, however, were neither alleged in his pleadings nor raised in the district court, and therefore they are waived and cannot be raised at this juncture for the first time.").

JD suggests that the Court should have *sua sponte* considered equitable tolling because his SAC contains allegations that he sought relief from the CRD. He notes that the Court acknowledged in its order that he had made allegations about seeking relief from the CRD. *See* Docket No. 75 (Order at 6) (taking note of allegations that, in February and June 2023, JD filed complaints with the CRD). But it is not the responsibility of the Court to come up with legal arguments for JD. JD never argued to the Court that his allegations about seeking relief from the CRD were material to the issue of whether his claims were time barred.

Accordingly, JD has failed to satisfy the requirements of Civil Local Rule 7-9, and the Court denies leave to file a motion for reconsideration.

---

[1] As the Ninth Circuit has noted, the claims brought in the two forums must concern the same wrong. *See Lucchesi*, 353 F.3d at 695 (stating that, "[i]f a plaintiff's first claim and second claim concern different wrongs, . . . equitable tolling is not available"; claims are based on the same wrong if they are, *e.g.*, "predicated upon identical facts," but that "two claims may be separate, distinct and independent insofar as they are founded upon different laws, involve different procedures or seek different remedies does not compel the conclusion that they arise from separate wrongs").

United States District Court
Northern District of California

C. Degree Hold

JD argues next that he is entitled to relief because the Court failed to consider material facts related to the degree hold. JD does not dispute that the University refused to release his degree after the student conduct proceeding. The original student conduct hearing took place in October and December 2022. JD's appeal of the student conduct finding was completed in August 2023. Both of these acts took place outside of the limitations period. JD filed suit in December 2025; thus, only acts taking place in or after December 2023 were timely.

JD, however, points to allegations in his SAC that he communicated with the Chancellor's Office during the limitations period about his degree hold. For example, he alleges that, in October 2024, he emailed Mr. Lyons (the Chancellor) and that, several days later, "Lyons's office responded by denying relief without substantive explanation and stated that the 'administrative process . . . for violations of the code of student conduct is complete and the sanctions are final.'" SAC ¶¶ 134-35. JD also alleges that, in March 2025, he again contacted Mr. Lyons and "Lyons's office again delegated the matter to staff, who again refused to reconsider the hold and provided no meaningful explanation." SAC ¶ 137. JD further alleges that, in May 2025, the Director of the Center for Student Conduct (Becca Lopez) "informed [him] by email that the Chancellor's office had contacted her regarding [his] degree. [Ms.] Lopez then stated, without further explanation, that Plaintiff's completed 'degree is not eligible to be conferred,' that 'the case has been fully resolved," and that "all administrative procedures have been exhausted."" SAC ¶ 139. Finally, JD alleges that, in July 2025, Ms. Lopez again informed him that "the matter was 'complete' and confirmed that no degree would be awarded." SAC ¶ 141.

Here, JD is correct that he did refer to the "2024 and 2025 refusals to lift the degree hold" in his brief in opposition to Defendants' motion to dismiss. Docket No. 49 (Opp'n at 22). Also, the Court did not expressly address the 2024 and 2025 acts in its order. Nevertheless, the Court does not give JD leave to file a motion for reconsideration on this issue because, on the merits, his argument fails. The critical point here is that there is no allegation in JD's complaint that, following the denial of his appeal of the student conduct finding in August 2023, he had the right to take a further appeal, *i.e.*, to the Chancellor's Office. In other words, there is nothing to indicate

that the resolution of his appeal was *not* the final decision of the University. Although J.D. subsequently decided to reach out to the Chancellor and/or his office does not mean that there was in fact another level of appeal.

J.D.'s reliance on *Pouncil v. Tilton*, 704 F.3d 568 (9th Cir. 2012), is unavailing. There, the plaintiff-prisoner challenged the prison's decision to deny his request for a conjugal visit. The question was whether this denial, which took place in 2008, was simply a delayed, but inevitable consequence of an earlier denial, back in 2002, of a different request for a conjugal visit; if so, the challenge to the 2008 denial would be time barred. The Ninth Circuit held that the 2008 denial was not simply a continuing impact or effect from the earlier denial in 2002. In the instant case, the issue is not whether the Chancellor's actions in 2024 and 2025 were continuing impacts or effects from the earlier denial of the appeal. Rather, the point is that the appeal was the final decision, or at least there is no allegation that the appeal was not the final decision. Indeed, the fact that JD did not contact the Chancellor's Office until more than a year after the appeal was decided in August 2023 indicates that the appeal was the University's final decision.

D. Stigma Plus

Finally, JD moves for leave to file a motion for reconsideration based on the Court's ruling that, for his due process claim related to the Ajoy sexual misconduct proceedings, JD lacked a cognizable property or liberty interest. The Court held that JD did not have a cognizable property or liberty interest for two reasons:

(1) "JD admitted that the injury he suffered as a result of the allegedly insufficient process was a reputational injury only (*i.e.*, because the allegedly false narrative that he had committed computer sabotage was repeated during the proceedings)," but "the Ninth Circuit has held that a reputational injury by itself is insufficient to support a due process claim." Docket No. 75 (Order at 26).

(2) "[E]ven if JD were to argue that the reputational injury combined with the degree hold supports a stigma plus theory, that argument would fail" since "JD was deprived of the degree in conjunction with the student conduct proceedings, not the Ajoy sexual misconduct proceedings." Docket No. 75 (Order at 27).



United States District Court
Northern District of California

United States District Court
Northern District of California

In his papers, JD argues that the Court should not credited his admission because it was ambiguous or at least contrary to his arguments in his opposition brief. JD's admission was made on the record, and the mere fact that he had taken a different position in his opposition brief does not negate his admission. In any event, the Court had an independent basis for holding that there was no cognizable interest. JD makes a muddled argument that the degree hold was related to the Ajoy sexual misconduct proceedings but it is not convincing. Even if the allegedly false computer sabotage narrative was repeated during the Ajoy sexual misconduct proceedings, his degree was held because of the student conduct proceedings. He did not sufficiently assert a causal link. And, as discussed above, those proceedings were final as of August 2023 when the appeal was denied.

## II. CONCLUSION

For the foregoing reasons, the Court denies JD's motion for leave to file a motion to reconsider.

This order disposes of Docket No. 77.

**IT IS SO ORDERED**.

Dated: September 11, 2026

EDWARD M. CHEN
United States District Judge