United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE,<br>Plaintiff,<br>v.<br>REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al.,<br>Defendants. | Case No. 25-cv-10779-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL**<br><br>Docket No. 82 |

Pending before the Court is John Doe's ("J.D.'s") motion for leave to file an interlocutory appeal. J.D. seeks an interlocutory appeal with respect to certain rulings made by the Court in its order granting in part Defendants' motion to dismiss and its subsequent order denying J.D.'s motion for leave to file a motion for reconsideration. *See* Docket Nos. 75, 81 (orders). J.D.'s motion is largely directed at preserving his claim for violation of procedural due process. *See* Mot. at 3 ("[The challenged] rulings determine whether Plaintiff may litigate the due-process claim directed to his completed but unconferred degree and the continuing record consequences of dismissal. . . . Degree conferral and correction of the resulting record consequences are the principal equitable relief sought in this action."). Having considered the parties' briefs, the Court finds this matter suitable for disposition on the papers. Accordingly, the Court **VACATES** the hearing on J.D.'s motion. J.D.'s motion for certification of an interlocutory appeal is **DENIED**.

/ / /

/ / /

/ / /

/ / /

# I. DISCUSSION

Under 28 U.S.C. § 1292(b),

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

As indicated by the text of the statute, there are three requirements for certification of an interlocutory appeal: "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion, and (3) that an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "Because § 1292(b) is a departure from the final judgment rule, [the] exception must be construed narrowly." *Stiner v. Brookdale Senior Living, Inc.*, 383 F. Supp. 3d 949, 957 (N.D. Cal. 2019). "[T]he district court should apply the requirements 'strictly' and certify for interlocutory appeal only when 'exceptional circumstances' justify a departure from the well-established policy of postponing appellate review until after a final judgment." *Id.* "The party seeking certification bears the burden of demonstrating that the requirements are satisfied and that such a departure is warranted." *Id.*

## A. Equitable Tolling

In its 12(b)(6) order, the Court held that several of J.D.'s causes of action were time barred and dismissed them with prejudice because amendment would have been futile. In his motion for leave to file a motion for reconsideration, J.D. argued that he should have been given leave to amend because the Court did not consider equitable tolling. J.D. pointed out that he had, in his complaint, made allegations about seeking relief from the California Civil Rights Division ("CRD"), an alternative forum for relief. He argued that the limitations clock should have been tolled during the time he sought relief from the CRD. The Court rejected J.D.'s argument because he did not raise the issue of equitable tolling, either in his opposition to Defendants' motion to dismiss or at the hearing on the motion. *See* Docket No. 81 (Order at 3) (acknowledging that

J.D.'s "opposition brief referred at times to the CRD but not in conjunction with opposing Defendants' argument that his claims were time barred").

In the pending motion, J.D. asks for leave to challenge the Court's ruling in an interlocutory appeal: "The proposed appeal asks whether [J.D.'s] omission [of equitable tolling in his brief and at the hearing] permits a pro se civil-rights claim to be dismissed with prejudice as incurably untimely when the operative complaint itself pleads facts potentially supporting tolling." Mot. at 4.

The Court denies certification for an interlocutory appeal. First, J.D. has not raised a controlling question of law, as required by § 1292(b). He is simply challenging the application of waiver law to the facts of this case. *See McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact *or* whether the district court properly applied settled law to the facts or evidence of a particular case.") (emphasis added); *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1132 (9th Cir. 2022) ("As is evident from the plain text of § 1292(b), for a question to confer interlocutory jurisdiction on this court it must be a 'question of law.' The dispute between the parties is not about whether primary – as opposed to secondary – employers can recover damages for violation of § 158(b)(4)(B) (a question of law); rather the dispute is about whether ICTSI became a primary employer under the circumstances of this case (a question of fact).").

Second, even if J.D. has raised a controlling question of law, there is not substantial ground for difference of opinion. *See ICTSI*, 22 F.4th at 1130 ("The 'substantial grounds' prong is satisfied when 'novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions.' For example, this prong is satisfied if 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'"). The Court's ruling was consistent with the well-established principle that "[c]ourts are not obligated to invent arguments that parties do not make or to scour the record for support for the parties' claims." *Krause v. Kelahan*, 161 F.4th 66, 87 n.17 (2d Cir. 2025). *See, e.g.*,

*Calabrese v. Winter*, 285 Fed. Appx. 419, 419 (9th Cir. 2008) ("We do not consider [plaintiff's] contention that his claims were subject to equitable tolling, because [he] waived that issue by not raising it in his pleadings or in his oppositions to defendant's motions for summary judgment."); *Biers v. Wash. State Liquor & Cannabis Bd.*, No. C15-1518JLR, 2016 U.S. Dist. LEXIS 71517, at *26-27 (W.D. Wash. June 1, 2016) ("Because [plaintiff] is proceeding pro se, the court construes his complaint and other filings liberally. However, the court is under no obligation to – and will not – scour large portions of [his] complaint to find support for his conclusory statements; nor will the court attempt on its own to piece together plausible claims from Mr. Biers' voluminous allegations."); *Mansour v. Cal-Western Reconveyance Corp.*, No. CV-9-37-PHX-DGC, 2009 U.S. Dist. LEXIS 64113, at *8-9 (D. Ariz. July 15, 2009) ("In ruling on the motion to dismiss, the Court was obligated to accept the allegations of the amended complaint as true and construe them in Plaintiff's favor, but the Court was not obligated to search for legal theories not clearly laid out in Plaintiff's response to the motion or in his amended complaint."); *see also In re Greektown Holdings, LLC*, 728 F.3d 567, 575 (6th Cir. 2013) ("'[A]bsent a legitimate excuse, an argument raised for the first time in a motion for reconsideration at the district court generally will be forfeited.'"); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'") (emphasis omitted); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *United States ex rel. Fisher v. Wells Fargo Bank, N.A.*, No. 4:16-cv-394, 2026 U.S. Dist. LEXIS 116210, at *7-8 (E.D. Tex. May 27, 2026) ("'Absent a showing of good cause for failure to make an argument, consideration of a party's newly raised ground for relief on motion for reconsideration merely saps judicial resources and invites protracted relitigation.'"); *Richard Feiner & Co. v. BMG Music Spain*, No. 01-CV-0937-JSR, 2003 U.S. Dist. LEXIS 10975, at *3 (S.D.N.Y. June 27, 2003) ("[P]laintiff is advancing new arguments without excuse as to why these arguments were not raised previously, and these arguments are therefore not cognizable on a motion for reconsideration.").

The authorities cited by J.D. do not establish otherwise. For example, in *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954 (9th Cir. 2010), the Ninth Circuit held that the district court erred in not giving the plaintiff leave to amend to address a statute-of-limitations issue, but there was no indication in the decision that the plaintiff failed to raise the argument which the Court should have addressed sua sponte.

In *Kelly v. Mennen*, No. 22-15697, 2023 U.S. App. LEXIS 4461 (9th Cir. Feb. 24, 2023), the plaintiff "alleged in his second amended complaint that he was unable to file timely because he was prevented from accessing necessary legal files, despite his diligence in pursuing them." *Id.* at *1. In the case at bar, J.D. did not allege in his operative pleading that he was entitled to equitable tolling because he was pursuing relief with the CRD. *Kelly* did not involve a waiver.

*Sossa v. Diaz*, 729 F.3d 1225 (9th Cir. 2013), is distinguishable as it simply recognized that "a district court abuses its discretion when it fails to consider new arguments or evidence proffered by a *pro se* habeas petitioner . . . in objecting to a magistrate judge's R&R." *Id.* at 1231 (adding that the pro se petition was "making a novel claim in an unsettled area of law"). The instant case is not a habeas case, nor does it involve a report and recommendation from a magistrate judge.

Finally, in *Johnson v. City of Shelby*, 574 U.S. 10 (2014), the Supreme Court noted that Federal Rule of Civil Procedure 8 simply requires a short and plain statement of the claim showing entitlement to relief; it does "not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Id.* at 10. Accordingly, the *Johnson* plaintiffs' failure to expressly invoke 42 U.S.C. § 1983 in their complaint was not a basis to dismiss their case given that the plaintiffs had alleged that their due process rights were violated when they were fired after they had brought to light criminal activities by a city employee. Here, J.D. said nothing in his complaint or in his papers suggesting he delayed in filing suit because he was pursuing relief with the CRD. This case is thus not analogous to *Johnson*.

B. <u>Chancellor's Decisions in 2024 and 2025</u>

As noted above, the Court held in its 12(b)(6) order that several causes of action were time barred. In his motion for leave to file a motion for reconsideration, J.D. argued that the Court's

United States District Court
Northern District of California

ruling was erroneous because it did not address allegations that the Chancellor or Chancellor's Office denied his request for relief with respect to the degree hold in 2024 and 2025 (which fell within the limitations period). The Court rejected J.D.'s argument, noting that the University's decision on the degree hold was final in August 2023, when J.D.'s appeal was denied:

> [T]here is no allegation in J.D.'s complaint that, following the denial of his appeal of the student conduct finding in August 2023, he had the right to take a further appeal, *i.e.*, to the Chancellor's Office. In other words, there is nothing to indicate that the resolution of his appeal was *not* the final decision of the University. Although J.D. subsequently decided to reach out to the Chancellor and/or his office[,] [that] does not mean that there was in fact another level of appeal.

Docket No. 81 (Order at 4-5) (emphasis in original).

J.D. argues that the Court's ruling above presents a controlling question of law: "whether finality of one administrative process categorically forecloses a later individualized decision on a new request to an official with independent authority under governing rules over the requested status or relief." Mot. at 5. This is not a controlling question of law. Rather, J.D. is raising a question of fact, essentially contending that the Chancellor had independent authority to revisit the ruling made at the student conduct appeal.

The Court also notes that J.D. is raising new authorities to support his position (*i.e.*, authorities not mentioned in his complaint, his opposition to the motion to dismiss, or even his motion to reconsider). *See* Mot. at 5 (arguing that "Berkeley Code § 105.06 separately requires Chancellor approval for readmission after dismissal"); Reply at 9 (arguing that, because of § 105.06, "[f]inality of the student-conduct appeal . . . does not exhaust the Chancellor's distinct authority to approve readmission after dismissal"). This is improper.[1] To the extent J.D. is relying on Regents Bylaw 31 – which was raised in his opposition to Defendants' motion to dismiss – the Court held that the bylaw simply established (for purposes of 12(b)(6)) that the Chancellor had a sufficient connection to the dispute such that he could give J.D. the relief he

[1] And in the current operative pleading, J.D. does not allege – at least not clearly – that he sought readmission to the University. *See, e.g.*, Prayer for Relief ¶ A (seeking a "declaration that the retaliatory degree hold and [administrative] dismissal are unlawful and void").

sought (*i.e.*, release of his degree). That does not mean that the student conduct appeal was not the final decision of the University (*i.e.*, the Chancellor had delegated the matter to the Center for Student Conduct).

## II. CONCLUSION

For the foregoing reasons, the Court denies J.D.'s motion for certification of an interlocutory appeal.[2]

This order disposes of Docket No. 82.

**IT IS SO ORDERED**.

Dated: October 6, 2026

EDWARD M. CHEN
United States District Judge

[2] For purposes of this opinion, the Court has not addressed the third § 1292(b) consideration (*i.e.*, whether an immediate appeal may materially advance the ultimate termination of the litigation). However, the Court notes that, to the extent J.D. asserts – in his discussion of the third factor – that the dismissed claims overlap with his surviving claims, that would arguably counsel in favor of a stay of proceedings should an interlocutory appeal be appropriate.