UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN DOE,
Plaintiff,
v.
SAMANTHA GROSS,
Defendant.

Case No. 25-cv-10779-EMC

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM MAGISTRATE ORDER**

Docket No. 111

Plaintiff John Doe ("J.D.") moves for relief from Magistrate Judge Cisneros's order regarding his deposition. *See* Docket No. 108 (minutes) ("The Court ordered that Plaintiff sit for an in-person deposition no later than January 31, 2027. As required by the applicable Civil Local Rule, Plaintiff shall provide Defendants with available dates for his deposition, and the parties shall select a deposition date by November 26, 2026. The Court ordered that Plaintiff[] appear for his deposition in person, and that the deposition shall be stenographically recorded and videotaped."). J.D. argues that his deposition should be taken remotely instead of in person, *see* Mot. at 3 (asserting that "Plaintiff has a chronic medical condition that can require urgent and unpredictable restroom access, making travel and prolonged attendance at an unfamiliar location materially more burdensome"), and that videotaping in addition to stenographic recording is unnecessary. *See* Mot. at 4-5 (arguing that an audiovisual recording could reveal his identity).

J.D.'s motion for relief is **DENIED**. *See* Civ. L.R. 72-2(d) ("Unless otherwise ordered by the assigned District Judge, no response need be filed and no hearing will be held concerning the motion. The District Judge may deny the motion by written order at any time, but may not grant it without first giving the opposing party an opportunity to respond."). Judge Cisneros did not

United States District Court
Northern District of California

United States District Court
Northern District of California

clearly err or rule contrary to law with respect to the parameters she set out for J.D.'s deposition. *See* 28 U.S.C. § 636(b)(1)(A) (providing that "[a] judge may designate a magistrate to hear and determine any pretrial matter pending before the court [with limited exceptions]" and that a judge "may reconsider any pretrial matter . . . where it has been shows that the magistrate judge's order is clearly erroneous or contrary to law"); *see also* Fed. R. Civ. P. 72(a); *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 241 (9th Cir. 1991). The parties are ordered to meet and confer regarding a procedure for bathroom breaks so there are no unnecessary disruptions. If the parties are unable to agree on a procedure, they should raise the discovery dispute with Judge Cisneros.

This order disposes of Docket No. 111.

**IT IS SO ORDERED**.

Dated: November 24, 2026

EDWARD M. CHEN
United States District Judge